IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA A. FAIR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 04-0775-CG-D** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|     **Defendant.** | ) |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. Rule 54(d)(2)(D) on plaintiff's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 16).  Upon consideration of all pertinent materials presented, the undersigned recommends that plaintiff receive a reasonable attorney fee in the amount of $625.00 pursuant to the EAJA for 5 hours of legal services rendered by plaintiff's attorney in this court at the rate of $125.00 per hour.

## FINDINGS OF FACT

1. On June 30, 2005, this court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Docs. 14, 15)

2. On September 14, 2005, plaintiff filed an application for award of attorney's fees pursuant to the EAJA wherein plaintiff requests attorney fees in the amount of $625.00 to compensate plaintiff's counsel for 5 hours of legal services rendered based on an hourly rate of $125.00. (Doc. 16).

3.     On September 26, 2005, the Commissioner of Social Security filed a response to plaintiff's application wherein the Commissioner stated that she had no objection to the application. (Doc. 18).

## CONCLUSIONS OF LAW

The Equal Access to Justice Act requires a district court to "award to a prevailing party ... fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). The court remanded this case pursuant to sentence four of 42 U.S.C. § 405(g), which makes plaintiff a prevailing party under the EAJA. Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party.") Furthermore, the United States has the burden of showing that it was substantially justified in this matter. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). The United States declined to dispute this issue and therefore failed to meet its burden.

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412 (d)(1)(B). The thirty (30) day period began to run on August 29, 2005, the date this court's reversal and remand order of June 30, 2005, became final at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. See Shalala, 509 U.S. at 302, 113 S.Ct. at 2632.
Accordingly, the application dated September 14, 2005, is timely since it was filed within the thirty (30) day period which began on August 29, 2005.

## HOURLY RATE UNDER THE E.A.J.A.

With regard to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act, provides in pertinent part as follows:

> . . . The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (2000).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125.00] per hour, is to determine whether the court should adjust the hourly fee upward from $[125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

The prevailing market rate in the Southern District of Alabama is $125.00 per hour. See Boone v. Apfel, CA 99-0965-CB-L (S.D. Ala. 2001).[1] Because the market rate is not greater than the

---

[1] Oates v. Massanari, 2001 WL 530423 (S.D.Ala., May 14, 2001), Crispin v. Massanari, 2001 WL 530420 (S.D.Ala., May 10, 2001), Depriest v. Massanari, 2001 WL 530478 (S.D.Ala., May 10, 2001), Bullock v. Halter, 2001 WL 530489 (S.D.Ala., May 08, 2001), Willits v. Massanari, 2001 WL 530498 (S.D.Ala., May 04, 2001), Square v. Halter, 2001 WL 392676 (S.D.Ala., Apr 12, 2001), Ward v. Halter, 2001 WL 392657 (S.D.Ala., Apr 10, 2001), and Kidd v. Halter, 2001 WL 303304 (S.D.Ala., Mar 20, 2001).

statutory rate of $125.00 per hour, this court need not reach the second step of the Meyer analysis.

## TIME ENTRIES

The defendant has not objected to the application. With regard to the reasonableness of the hours claimed by plaintiff's attorney "the fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority, 836 F. 2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306. See also ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.")

Attached to the plaintiff's fee petition is a time sheet describing the work performed, the time expended, and the date. The undersigned has reviewed these documents and finds that, under the circumstances and given the usual number of hours billed by attorneys in similar actions, no reductions are recommended. Therefore, the undersigned finds that a claim for 5 hours of attorney time expended while representing plaintiff in federal court is reasonable.

## CONCLUSION

Upon consideration of all matters presented, it is recommended that plaintiff be awarded attorney's fees in the amount of $625.00 pursuant to the EAJA as compensation for 5 hours of service by Colin E. Kemmerly, attorney, at the rate of $125.00 an hour.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 28th day of September, 2005.

    **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                            **S / KRISTI K. DuBOSE**
                                                            **UNITED STATES MAGISTRATE JUDGE**